## CIRCUIT COURT OF THE CITY OF RICHMOND

Nationwide Mutual
Insurance Co.

v.

Allstate Insurance Co.

October 1, 1999

Case No. LE-1739-3

BY JUDGE T. J. MARKOW

The parties appeared by counsel for trial by the court on the issues joined, and evidence was presented and argument was heard.

This is an action by Nationwide Mutual Insurance Company to recover $18,500.00 that it paid under its uninsured policy because the defendant, Allstate Insurance Company, denied coverage to the tortfeasor-driver, Jamiah Williams, because of its claim that Williams failed to cooperate in the defense, which prejudiced Allstate.

To prevail, Allstate has the burden of proving that Williams willfully failed to cooperate in the defense and that this prejudiced the defense. See *State Farm v. Davies*, 226 Va. 310, 310 S.E.2d 167 (1983).

The underlying claim arose when Williams, a permissive user of an Allstate insured, was involved in a rear-end collision with a Nationwide insured who was stopped at a traffic light.

About three and one-half months after the collision, Williams talked with an Allstate adjuster who noted that Williams said the other driver "stopped before the red light, stopped suddenly" and that he could not stop. He reported that the impact was a 1 on a scale of 1 to 10. Allstate's adjuster noted the statement as unfavorable towards a defense.

After that statement, Williams has not been heard from by anyone connected to the case. The plaintiff's attempt to serve him with process at the address he gave at the time of the accident was returned by the Sheriff unserved. Service was effected on him through service on the Commissioner of the Division of Motor Vehicles. Correspondence from Allstate and from the assigned defense attorney was never responded to. Some of Allstate's correspondence was returned "unclaimed." All correspondence went to the address Williams gave at the time of the accident. Williams was absent from trial on the accident case.

Allstate's first burden is to prove that Williams willfully failed to cooperate. To the extent Williams was advised of his duty to cooperate or even that Allstate and/or the assigned attorney informed him of their need to talk with him and he refused the requests, he would have willfully failed to cooperate.

On the evidence before it, the strongest of which is the several letters sent to Williams' last known address, some of which were not returned, the court finds factually that Allstate has failed to carry the burden of proving that Williams' failure to cooperate was willful.

The court further finds that Allstate has failed to carry the burden of proving that it was prejudiced by Williams' failure to cooperate.

An insurer is prejudiced by an insured's failure to cooperate if cooperation is likely to have raised a jury issue on a defense to the claim. See *State Farm v. Davies, supra.*

The only basis for that claim by Allstate was Williams' report that the claimant stopped suddenly and stopped before the red light. Assuming that to have been Williams' trial testimony, that would not warrant submitting the issue of the plaintiff's contributory negligence to the jury.

The evidence was that both were approaching a red light in slow-moving traffic because of an accident ahead. Williams had the duty to follow at a distance and speed so as to avoid a collision, even if the other driver stopped suddenly. His following too closely was the sole proximate cause of the collision.

For the reasons stated above, judgment is awarded to Nationwide Mutual Insurance Company against Allstate Insurance Company for $18,500.00, plus interest on that amount from October 20, 1997, until paid, plus its costs. Nationwide's request for an award of attorney's fees is frivolous and is denied.